IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONQUISTA CONSULTORIA E ASSESSORIA EMPERSARIAL, LTDA,<br><br>Plaintiff,<br>v.<br><br>IGUAÇU, INC., et al.,<br><br>Defendants. | No. C 11-0602 RS<br><br>**ORDER DENYING MOTION "TO CLARIFY" COURT ORDER, CONTINUING CASE MANAGEMENT CONFERENCE, AND REFERRING MATTER FOR A SETTLEMENT CONFERENCE** |

Plaintiff filed this action in February of 2011, alleging that it has a right under a written contract to be paid 20% of any "finder's fees" ("less any withholding taxes in USA") defendants receive in connection with certain transactions involving "Brazilian Bio-Fuels." Specifically, plaintiff asserted a claim to 20% of the finder's fees Iguaçu, Inc. was seeking to recover from Antonio Cabrera Mano Filho in Case No. 09-0380 RS ("the Cabrera action"). Plaintiff filed a motion for a preliminary injunction "freezing 20 percent of any money received by any defendant as a result of any judgment or settlement reached in [the Cabrera action].")

In lieu of proceeding with the preliminary injunction motion or otherwise litigating this action, in March of 2011 the parties submitted a stipulation for an order staying the matter and requiring defendants to place into escrow 20% of "any money received by Iguacu, Ms. Seturam or any other person or entity at any time in satisfaction of any finder's fees Iguacu earns or has earned

from any person or entity relating to bio-fuels investments and ethanol deals done by Mr. Cabrera."
In November of 2013, Iguaçu obtained a judgment in the Cabrera action for $666,352.63,
representing damages of $446,355, and prejudgment interest of $219,997.63.

The parties here now dispute whether the prejudgment interest portion of that judgment is subject to the escrow requirement, and relatedly, whether the total amount thereby exceeds $500,000, which would trigger an additional escrow deposit obligation under the stipulation. Relying on Rule 60(a) of the Federal Rules of Civil Procedure, plaintiff seeks an order "clarifying" that the phrase "any money received" as used in the stipulated order includes prejudgment interest. Pursuant to Civil Local Rule 7-1(b) plaintiff's motion is suitable for disposition without oral argument, and the hearing set for January 16, 2014 is vacated.

As plaintiff points out, Rule 60(a) allows a court, on motion or its own, to "correct a clerical mistake or a mistake arising from oversight or omission" in a judgment or order.  It is far from apparent that the "clarification" plaintiff seeks can be fairly characterized as a "clerical" or other "mistake" within the meaning of the rule.  Even assuming it could be so viewed, however, the relief plaintiff seeks would not be appropriate.

> Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement . . . .  Rule 60(a) allows for clarification and explanation, *consistent with the intent of the original judgment* . . . [T]his broad rule does not allow a court to make corrections that, under the guise of mere clarification, *reflect a new and subsequent intent* because it perceives its original judgment to be incorrect. Rather, the interpretation *must reflect the contemporaneous intent of the district court as evidenced by the record.*"

*Garamendi v. Henin*, 683 F.3d 1069, 1079-80 (9th Cir. 2012) (emphasis added, internal quotations omitted).

Whether plaintiff has a right under the underlying written contract to 20% of any prejudgment interest received by Iguaçu is a question that has never been presented to, or decided by the Court.  The stipulation presented by the parties in March of 2011 does not reflect any meeting of the minds either as to whether prejudgment interest was encompassed by the underlying contractual language, or as to whether it would be subject to the escrow.  The "contemporaneous

intent of the district court" was merely to approve the agreement reached between the parties. Because the parties' agreement, adopted as an order of the court, failed to resolve this issue, Rule 60(a) does not provide a vehicle for deciding the question now.  Thus, while there is no obligation under the stipulated order to treat prejudgment interest as subject to the escrow requirement, plaintiff is not foreclosed from attempting to prove an entitlement to recover 20% of the prejudgment interest when the merits of this action are adjudicated.   The motion is denied.

Pursuant to the parties' requests set out in their Joint Case Management Conference Statement, this matter is referred to a magistrate judge for the purpose of engaging in a settlement conference, to take place, ideally, by April 30, 2014, and the Case Management Conference is hereby continued to May 15, 2014.

IT IS SO ORDERED.

Dated: 1/13/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE