UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONQUISTA CONSULTORIA E ASSESSORIA EMPRESARIAL LTDA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>IGUACU, INC., et al.,<br><br>　　　　　Defendants. | Case No. 11-cv-00602-RS<br><br>**ORDER DENYING MOTION TO DEFER BRIEFING AND HEARING OF MOTION FOR SUMMARY JUDGMENT** |

Plaintiff seeks an order deferring briefing and the hearing on defendants' motion for summary judgment, pending "the Court's ruling on its order to show cause and on resolution of sanctions for defendants' refusal to provide discovery."[1] The motion to defer briefing and the hearing is denied. Plaintiff has requested the imposition of "terminating sanctions"—*i.e.*, the striking of defendants' answer and entry of default against them, which presumably would eventually lead to a judgment in plaintiff's favor. The pending summary judgment motion,

---

[1] Plaintiff characterizes its request as having been brought "*ex parte*." Under Civil Local Rule 7-10, an *ex parte* motion is one filed without notice to opposing party, and is permissible only where authorized by statute, Federal Rule, local rule, or Standing Order. Although there is no basis for seeking *ex parte* relief in the circumstances here, plaintiff in fact efiled its motion, thereby automatically serving and giving notice to defendants. As such, the motion was not made *ex parte* and will be deemed to have been properly brought under Rule 6-3, which plaintiff also cites. While oppositions to Rule 6-3 motions must be filed within four days, the Court may act sooner when appropriate to do so, as it is in this instance.

however, seeks to establish a lack of subject matter jurisdiction. In the event that motion has merit, there would be no basis to enter terminating sanctions or a subsequent judgment for plaintiff. Accordingly, holding the jurisdictional determination in abeyance is not warranted.

Plaintiff suggests it also is entitled to take discovery to support its opposition to summary judgment. Plaintiff should offer any and all opposition to summary judgment it may have based on the present record, when its opposition brief is due. If plaintiff believes it necessary, the opposition may include a request that complies with Rule 56(d) for continuance of the motion to permit specific, identified discovery to go forward. Any such request will be considered only in the event the opposition would otherwise be insufficient to preclude granting summary judgment.

**IT IS SO ORDERED**.

Dated: March 18, 2015

_____
RICHARD SEEBORG
United States District Judge