UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONQUISTA CONSULTORIA E ASSESSORIA EMPRESARIAL LTDA,<br><br>Plaintiff,<br><br>v.<br><br>IGUACU, INC., et al.,<br><br>Defendants. | Case No. 11-cv-00602-RS (EDL)<br><br>**ORDER AND REPORT AND RECOMMENDATION ON ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 66 |

On September 26, 2014, this Court set a further settlement conference in this case for December 18, 2014. On November 15, 2014, approximately seven weeks after the settlement conference was scheduled, Defendants filed a motion to excuse Defendant Shobha Seturam from personal attendance at the settlement conference, claiming that Defendant Seturam cannot afford to travel from India and citing issues with obtaining a visa. On November 20, 2014, the Court denied Defendants' request. On December 15, 2014, the Court held a telephone conference at which it learned that Defendant Seturam would not be attending the settlement conference. Thereafter, the Court vacated the settlement conference and issued an order to show cause as to why sanctions, including any expenses incurred by Plaintiff in arranging for personal attendance and fees incurred by Plaintiff in preparing the required settlement conference statements, should not issue. On January 5, 2015, Defendants responded to the order. On January 12, 2015, Plaintiff filed its response, requesting that the Court award terminating sanctions.[1] On January 20, 2015, Defendants filed a sur-reply.

---

[1] The Court addresses Plaintiff's request for terminating sanctions separately in the below report and recommendation.

**A.  Defendant Seturam is ordered to pay sanctions of reasonable travel expenses, attorneys' fees and costs to Plaintiff**

In order for "'a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on.'" Zambrano v. City of Tustin, 885 F.2d 1473, 1476-77 (9th Cir. 1989) (quoting Cunningham v. County of Los Angeles, 869 F.2d 427, 436 (9th Cir. 1989) (quoting McCabe v. Arave, 827 F.2d 634, 639 (9th Cir. 1987))). Here, Federal Rule of Civil Procedure 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . [or] fails to obey a scheduling or other pretrial order." Fed R. Civ. P. 16(f)(1)(A) & (C). The rule further specifies that "[i]nstead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added). This rule applies to settlement conferences. Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) ("the district court acted within its authority under Rule 16(f) in sanctioning [plaintiff's counsel] for his failure to appear at the settlement conference"); Segal v. Brachfeld, 2012 U.S. Dist. LEXIS 138554, at *5-7 (N.D. Cal. Sept. 26, 2012) (Westmore, J.) (issuing sanctions pursuant to Rule 16(f) for violation of settlement conference standing order).

Defendants do not dispute that Defendant Seturam violated this Court's settlement conference order requiring personal attendance, and they acknowledge that reasonable expenses for Plaintiff's representative to fly from New York to San Francisco "should be included in any final judgment obtained by [Plaintiff]." (Response at 1-2.) Defendants argue against any award of attorney's fees in the absence of a finding of "bad faith . . . or willful disobedience of court orders or rules." (Id. at 5 (citing Zambrano v. City of Tustin, 885 F.2d. 1473 (9th Cir. 1989)).) However, Zambrano involved sanctions for violation of a local rule. 885 F.2d. at 1481. Here, Defendants contest an award of attorney's fees pursuant to Federal Rule of Civil Procedure 16(f), which does not require a finding of bad faith or willful disobedience. See id.; Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (affirming award of attorney's fees

2

and costs pursuant to Rule 16 where an attorney "failed to attend a mediation session . . . . [and] claim[ed] that [he] missed the session because he was suffering from an incapacitating headache, and that his failure to appear was not intentional.").

Furthermore, Defendant Seturam's failure to attend the settlement conference was not substantially justified, nor would the circumstances render an award of expenses unjust. Even assuming the truth of Defendants' doubtful claims regarding poverty and difficulty in obtaining a visa, these were all facts of which Defendants were aware as of September 26, 2014 when this Court set the further settlement conference. Nevertheless, Defendants inexplicably waited *seven weeks* to first raise the issue of Defendant Seturam's personal appearance at the settlement conference. (See Dkt. 61 (order setting further settlement conference and requiring the Parties to notify the Court "within one week of the date of this order" if "the parties and counsel are not available on that date").) Similarly, the Court denied Defendant Seturam's telephonic appearance request on November 20, 2015 and Defendants provide no rationale for why they waited until December 15, 2014 to inform the Court that Defendant Seturam would not attend.

Therefore, pursuant to Federal Rule of Civil Procedure 16(f)(2), Defendant Seturam is ordered to pay Plaintiff its reasonable expenses incurred in preparing for the December 18, 2014 settlement conference, including expenses incurred by Plaintiff in arranging for personal attendance and fees incurred by Plaintiff in preparing the required settlement conference statements. Plaintiff's representative states that he spent $3,505 on a non-refundable flight to attend the settlement conference. (Arons Decl. ¶ 3.) Additionally, Plaintiff's counsel states that he billed 11 hours at a rate of $350 per hour in preparation for the settlement conference, including: (1) 2 hours communicating with the client about, and drafting, the settlement demand; (2) 3 hours communicating with the client about, and drafting, the settlement conference statements; (3) 1 hour meeting and conferring with opposing counsel; and (4) 5 hours opposing the motion to be excused from personal appearance. (Prows Decl. ¶ 8.) Plaintiff's counsel also states that he incurred $160 in courier costs for lodging the settlement conference statements. Plaintiff's counsel's hours spent in preparation for the settlement conference are largely reasonable. However, the Court reduces by 2 hours the time counsel spent on opposing the motion for

personal appearance, resulting in a total of 9 hours.  Defendant Seturam is thus ordered to pay sanctions of $6,815 to Plaintiff within two weeks of this order becoming final.[2]

### B. The Court, considering only Defendant Seturam's failure to attend the settlement conference, recommends denying Plaintiff's request for terminating sanctions

Plaintiff, citing a host of issues unrelated to Defendants' noncompliance with this Court's settlement conference order, asks that this Court issue terminating sanctions.  Terminating sanctions require a consideration of: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Valley Engineers Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).  On balance, these factors do not weigh in favor of terminating sanctions based on Defendant Seturam's noncompliance with the settlement conference order in isolation, especially in light of the availability of less drastic sanctions.  Furthermore, it is not the case, as Plaintiff argues, that Defendant has stated that she will not comply with a lesser sanction.  However, Defendant's conduct was in blatant disregard of this Court's orders and wasted the Court's and Plaintiff's time and resources.  Therefore, that conduct should be considered by the District Judge in combination with any other misconduct before or since and might well tip the balance toward terminating sanctions.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: March 19, 2015

_____
Elizabeth D. Laporte
United States Magistrate Judge

---

[2] This amount comprises $3,505 for the non-refundable plane ticket, 9 hours of attorney's fees at a rate of $350 per hour, and $160 in costs.