UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONQUISTA CONSULTORIA E
ASSESSORIA EMPRESARIAL LTDA.,

Plaintiff,

v.

IGUAÇU, INC., et al.,

Defendants.

Case No. 11-cv-00602-RS

**ORDER DISMISSING ACTION; ADOPTING REPORT AND RECOMMENDATION, AND; OVERRULING OBJECTION TO NON-DISPOSITIVE SANCTION AWARD**

## I. INTRODUCTION

In this action, plaintiff Conquista Consultoria E Assessoria Empresarial Ltda., ("Conquista") asserts a contractual claim to a share of any recovery defendant Iguaçu, Inc., may obtain in a separate action it has been litigating against a third party, Antonio Cabrera Mano Filho ("Cabrera"). This case has been stayed since shortly after its filing, pending resolution of the Iguaçu—Cabrera dispute. Although Iguaçu has now obtained a judgment against Cabrera, the matter is on appeal, and there is no evidence Iguaçu has ever collected any part of the judgment or the underlying liability. Iguaçu therefore now seeks summary judgment that this action is unripe and/or that Conquista has suffered no damages. While "summary judgment" may not be the appropriate procedural label, this case must be dismissed in light of the fact that Conquista's claim is not ripe.

## II. BACKGROUND

Several years ago, Iguaçu and Cabrera entered in to a written contract which called for Iguaçu to receive a finder's fee or commissions if it successfully located a buyer or investor for Cabrera's "ethanol-producing or bio-diesel producing or related property and/or real property." Iguaçu then entered into a second agreement with Conquista to obtain its assistance in locating such a buyer or investor, in exchange for 20% of any commissions Iguaçu might receive from Cabrera.

Allegedly with Conquista's assistance, Iguaçu succeeded in locating an investor, an entity known as ADM-Brazil. Cabrera and ADM-Brazil entered into several complex transactions involving developing ethanol/bio-diesel projects on Cabrera's properties. A dispute arose, however, as to how much, if any commissions Cabrera owed Iguaçu. That dispute culminated in a lawsuit brought by Iguaçu against Cabrera in this court, *Iguaçu, Inc. v. Filho*, C 09-00380-RS ("the *Cabrera* action"). The *Cabrera* action was tried to a jury, and resulted in a verdict in favor of Iguaçu, in the amount of $446,355. Together with prejudgment interest, costs, and attorney fees, the total judgment in the *Cabrera* action exceeds $1.3 million. None of the judgment has been paid, however, and it is currently on appeal. Thus, to date, Iguaçu has not actually received *any* commissions from Cabrera.

Meanwhile, approximately two years after the *Cabrera* action was filed, Conquista initiated this case, seeking to enforce its alleged right to 20% of any commissions Iguaçu recovers from Cabrera. At the outset of this litigation, Conquista moved for a preliminary injunction to "freeze" 20% of any funds Iguaçu might receive from a judgment or settlement in the *Cabrera* action. Rather than oppose the preliminary injunction, Iguaçu entered into a stipulation with Conquista agreeing that 20% of any funds received would be escrowed. The parties also agreed that this action would be stayed, pending resolution of the *Cabrera* action or further order of the court. Notwithstanding the fact that this action was stayed at such an early stage of the proceedings, and remained so until recently, Conquista asserts that it has incurred "six-figures-worth of attorney fees in this case since 2011."

## III. DISCUSSION

**A. Dismissal of the complaint**

Conquista's complaint in this action names as defendants: (1) Iguaçu; (2) its principal, Shobha Seturam, and; (3) Golden Gate Solutions, Inc., another entity, now apparently defunct, that Seturam allegedly controlled. Golden Gate never responded to the complaint, and its default has been entered. Seturam is named on an alter ego theory, and Golden Gate is named as a potential assignee of Iguaçu's rights under the agreement with Cabrera.

The claims for relief—some of which are merely requests for particular remedies rather than substantive claims—all arise from a written contract, a copy of which is attached to the complaint. It provides, in pertinent part: "If Iguacu receives any finder's fee for Sales (as defined in Exhibit A) by Conquista Clients, Iguacu will pay [Conquista] 20% of commissions received from buyers/investors less any withholding taxes in USA." This language unambiguously requires that Iguaçu "receive" the "finder's fee"/"commissions" before its obligation to make any payment to Conquista arises. Conquista has not alleged or argued, and, given this language, could not in good faith do so, that Iguaçu is legally required to pay to Conquista 20% of the "finder's fee"/"commissions" merely upon earning the right to collect such fee or commissions. In other words, while Conquista and Iguaçu theoretically could have contracted to shift the risk of non-collection entirely to Iguaçu, they did not do so. As Conquista recognized when it entered into the stipulation staying this action, its right to recover the 20% of fees/commissions is entirely dependent on Iguaçu actually receiving those fees/commissions in the first instance.[1]

Conquista's opposition to the present summary judgment motion continues to demonstrate its understanding that its right to 20% of Iguaçu's commissions does not arise unless and until Iguaçu receives them. Conquista nevertheless offers three basic arguments against dismissal of

---

[1] Conquista argues that by entering into that same stipulation calling for an escrow of 20% of any funds Iguaçu received from Cabrera, Iguaçu effectively admitted the present action is ripe and that it should not be heard to argue to the contrary now. Because jurisdiction cannot be created by mere consent, however, Iguaçu's resource-conserving decision to agree to an escrow and a stay of this litigation does not preclude it from now showing that the matter was never ripe.

CASE NO. 11-cv-00602-RS

3

this action for lack of a ripe controversy. First, Conquista suggests that it cannot know for certain that Iguaçu has not already received payments from Cabrera, and that it should be entitled pursue discovery on that point. As Conquista points out, and as demonstrated in the *Cabrera* action, there may be reasons to question Seturam's credibility on certain issues. Nevertheless, there is no evidence giving rise to any reasonable inference that Cabrera has made any payments to Iguaçu, and the record in the related case provides overwhelming evidence to the contrary. Accordingly, Conquista has not shown that further discovery on this issue is warranted.

Second, Conquista points out that its agreement with Iguaçu is not limited to commissions flowing from the transactions between Cabrera and ADM, and that therefore there is at least a possibility Iguaçu owes Conquista in connection with some other unspecified transactions. Not only are such theoretical claims unpleaded in the complaint, they are far too speculative to be viable at this juncture.

Finally, Conquista devotes the bulk of its opposition to arguing there is a present controversy, and that it has existing claims for forms of equitable relief, in light of alleged conduct and statements by Seturam in the past calling into question her intent to honor the contract. Those allegations are too thin to support a cognizable and ripe claim, however, particularly in light of the fact that defendants responded to this suit by stipulating that the percentage amount of Conquista's claim would be escrowed immediately upon any recovery from Cabrera.

Conquista similarly contends it has an existing right to "reliance damages." While a party may elect to pursue such damages in certain circumstances, there still must be a *breach* of contract by the other party. *See Agam v. Gavra,* 236 Cal. App. 4th 91, 105 (2015) ("One proper measure of damages *for breach of contract* is the amount expended by the nonbreaching party on the faith of the contract.") (emphasis added, internal citations and ellipses omitted). Here, Iguaçu's obligation to pay Conquista has not yet arisen—and conceivably may never arise, if Iguaçu never collects on its judgment against Cabrera. The concept of "reliance damages" is simply not applicable here. If Iguaçu does recover funds from Cabrera, Conquista's claim will be for the full 20% provided in its contract; it will have no cause or need to resort to "reliance damages." Unless and until Iguaçu

recovers from Cabrera, however, it cannot be in breach of any obligation to Conquista, and there are no damages, "reliance" or otherwise.

On this record, it might be possible to grant summary judgment that Conquista's claims fail because the undisputed facts establish that Iguaçu has not breached the contract, and that the other claims are dependent on a breach and/or fail for similar reasons. Such a judgment presumably would not stand as a *res judicata* bar against a subsequent lawsuit should Iguaçu recover from Cabrera at some point in the future, but refuse to pay Conquista then. The better analysis, however, is that this suit is simply not ripe, and that there is no justiciable controversy. Accordingly, it will be dismissed on that basis.[2]

**B.  Rulings of magistrate judge**

The assigned magistrate judge issued (1) an order imposing sanctions against Seturam in the amount $6,815, and (2) a Report and Recommendation that plaintiff's request for terminating sanctions be denied. As to the order imposing monetary sanctions, a district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Here, Seturam does not challenge the substance of the order, only the timing requirement that she pay the sanction within two weeks of the order becoming final. She requests instead that the payment obligation be incorporated into any judgment in this action. While the timing issue appears moot in light of this disposition of the case, Seturam has also not shown the order to have been clearly erroneous or contrary to law.

Seturam also appears to believe that in the event this case is dismissed as unripe—as is in fact now happening—the order requiring her to pay monetary sanctions will become void for lack of jurisdiction. Not so. It is true that, as noted in prior order, the lack of a ripe controversy

---

[2] Conquista's expressed concern that a statute of limitations defense will be raised in any future suit is not well placed. As Iguaçu acknowledges, the statute will not even begin to run until and unless Iguaçu recovers funds from Cabrera but then fails to pay Conquista.

precludes "terminating sanctions" that would lead to a default monetary judgment entered against defendants on plaintiff's substantive claims. The court's inherent powers to control the proceedings brought before it, however, provide a sufficient basis to impose monetary sanctions against parties for violations of the rules, even where it is later determined that subject matter jurisdiction to reach the merits of the case is lacking. Accordingly, the monetary sanctions imposed against Seturam stand.

The magistrate judge's recommendation to deny terminating sanctions is adopted.[3] Even if such sanctions were otherwise warranted (and, they are not, for the reasons explained by the magistrate judge), the lack of a ripe controversy deprives the Court of jurisdiction to enter a monetary judgment against defendants and in favor of Conquista on the substance of its claims.

## IV. CONCLUSION

This action is dismissed for lack of jurisdiction, and the Clerk is directed to close the file. The monetary sanctions order is affirmed. The request for terminating sanctions is denied.

**IT IS SO ORDERED**.

Dated: June 26, 2015

_____
RICHARD SEEBORG
United States District Judge

---

[3] Conquista couched its objections to that report and recommendation as a motion for *de novo* review of the issue. However procedurally characterized, Conquista's continued pursuit of "terminating sanctions" must be rejected.