UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONQUISTA CONSULTORIA E ASSESSORIA EMPRESARIAL LTDA,

Plaintiff,

v.

IGUACU, INC., et al.,

Defendants.

Case No. 11-cv-00602-RS

**ORDER DENYING RELIEF FROM DISMISSAL**

This action was dismissed on June 26, 2015, because the record revealed there was no ripe, justiciable controversy, and thus jurisdiction was absent. As explained in the order of dismissal, plaintiff's claims all arose from an alleged contractual obligation of defendant Iguaçu, Inc. to pay plaintiff 20% of any fees or commissions it might receive from a third party, Antonio Cabrera Mano Filho ("Cabrera") in connection with certain business dealings. Because there was no indication Iguaçu had ever received such fees or commissions and then failed or refused to pay plaintiff its alleged share, there was no breach of contract or other basis on which plaintiff could satisfy the "case or controversy" requirement for federal court jurisdiction. *See Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 835 (9th Cir. 2012) ("The Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are definite and concrete, not hypothetical or abstract.") (citations and internal quotations omitted).

Plaintiff now asserts it learned on June 29, 2015 that Cabrera has been found liable to

Iguaçu in a Brazilian arbitration and that Cabrera has paid the award. Based on that assertion, plaintiff moves to amend or alter the prior order under FRCP Rule 59(e), or, in the alternative, for leave to file a motion for reconsideration, under FRCP Rule 60(b) and Local Rule 7-9. Pursuant to Civil Local Rule 7-1(b), plaintiff's motion is suitable for disposition without oral argument and the hearing set for August 13, 2015 is vacated.

The motion is denied. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)). Thus, even assuming at some relatively recent point in time Cabrera has made a payment to Iguaçu, it would not alter the conclusion that this action was properly dismissed for lack of jurisdiction. Plaintiff will of course remain free to bring a new action if and when it has a sufficient factual basis to allege that Iguaçu's obligation to make payment to plaintiff has both arisen and been breached. [1]

**IT IS SO ORDERED**.

Dated: July 6, 2015

RICHARD SEEBORG
United States District Judge

---

[1] The correspondence between counsel submitted with plaintiff's motion indicates the funds may have been paid into a court registry and not yet transmitted to Iguaçu. Additionally, the written agreement between plaintiff and Iguaçu contains no express timing provisions, and therefore likely would permit Iguaçu a reasonable period of time to pay plaintiff after receiving the funds. Finally, Iguaçu's counsel in this action represents it "will do everything we can to ensure that nothing happens that might prejudice any interested party, including Conquista."